Nov. Term,
1845.

Doe
v.
Hurd.

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test*, for the plaintiff.

*S. W. Parker*, for the defendant.

---

Doe, on the Demise of Abbott, *v.* Hurd and Others.

A voluntary conveyance of real estate is not void as to subsequent creditors, merely because the grantor was indebted 25 or 30 dollars at the date of the deed.

After such conveyance, the grantor contracted a debt for which judgment was obtained before the conveyance was recorded. Subsequently to recording the conveyance, (which was not recorded in time,) the land was sold under an execution on said judgment. *Held*, that the purchaser, having notice by the record of the prior deed, took nothing by his purchase.

A husband cannot convey land *immediately* to his wife, but he may convey it to trustees for her use.

Under the statute, a *bona fide* conveyance of real estate, whether for a consideration or not, passes, *prima facie*, the grantor's interest in the premises, and the possession thereof, to the grantee.

Wednesday,
November 26.

ERROR to the *St. Joseph* Circuit Court.

Blackford, J.—This was an action of ejectment for certain real estate in *St. Joseph* county. Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the defendants.

On the 4th of *September*, 1840, *Levi Dean* became special bail for *A. M. Hurd*, in an action of debt brought by the lessor. On the 25th of *March*, 1841, there was judgment against *Dean* in *scire facias* on his recognizance. On the 21st of *August*, 1841, *Dean's* interest in the premises in dispute was sold on an execution on said judgment to the lessor. The plaintiff relies on the sheriff's deed under this sale.

The defendants rely on a deed for the premises, executed to them by the said *Levi Dean*, in trust for his wife *Polly Dean*, on the 1st of *November*, 1839. The plaintiff contends that this trust-deed is not valid.

First objection: The deed is voluntary, and was made to defraud creditors. At the date of the deed, the grantor was indebted only in the sum of 25 or 30 dollars, which is too small an amount to render it void, without other evidence of fraud, at least as to subsequent creditors. *Lush* v. *Wilkinson*, 5 Ves. 384.—1 Story's Eq. 348. Besides, there is positive evidence, introduced by the plaintiff, that no fraud was intended. The sheriff swears, that when he took the recognizance, he told *Dean*, in presence of his wife, what *Hurd* had told him, viz., that the premises in dispute were his; and neither *Dean* nor his wife made any answer. This fact, it is said, is evidence of fraud. In answer to this, it may be observed, that another witness of the plaintiff's, *Dean*, swears that no such conversation took place. The question of fraud has been decided by the Circuit Court, and we shall not, under the circumstances, disturb their decision.

Second objection: The lessor is a purchaser for a valuable consideration, without notice of the voluntary conveyance. The answer to this is, that the deed to the defendants was recorded before the sheriff's sale. The circumstance, that the judgment was rendered before the deed was recorded, is not material. Deeds of real estate are not void for not being recorded in time, except as to *bona fide* purchasers for value whose deeds are first recorded. A judgment-creditor cannot be considered as such a purchaser; nor can a purchaser under the judgment hold, who has notice, by the record, of the prior conveyance. *Sparks et al.* v. *The State Bank, May* term, 1845.

There is one other objection. It is, that the trust-deed is void on its face. There is nothing in this objection. A husband cannot convey land *immediately* to his wife, on account of the legal unity of their persons; but he may convey it to trustees for her use. 1 Shepp. Touchstone by Prest. 205, note 10. It is contended, that the words in this deed are not sufficient to create a trust for the wife. But if that be so, it cannot benefit the plaintiff. The deed, at all events, conveys the grantor's interest in the property to the defendants, whether they are trustees or not. We consider that, under our statute, a deed of conveyance of real estate, executed in good faith, whether for a consideration or not, passes, *prima*

Nov. Term,
1845.

*facie*, the interest of the grantor in the premises, and the possession thereof, to the grantee (1).

*J. A. Liston*, for the plaintiff.

*J. L. Jernegan*, for the defendants.

(1) A conveyance of real estate, executed without consideration, is valid against the grantor and his heirs. *Jackson d. Malin* v. *Garnsey*, 16 Johns. R. 193.