| 3 | 273 |
|133| 284 |

LYNCH and Others *v.* RALEIGH and Others.

A fraudulent conveyance of land made and received for the purpose of preventing its being subjected to the payment of an existing debt, but without any intention to defraud subsequent creditors, will not be set aside, in equity, upon the application of a creditor whose debt was contracted after the deed of conveyance was made and recorded.

Where a fraudulent conveyance of land has been made and received to avoid the payment of an existing debt, with an agreement for a reconveyance upon a repayment of the purchase-money and the expenses of improvements, a creditor of the grantor whose debt was contracted after the deed was made and recorded, if occupying the position of a junior mortgagee or creditor entitled to redeem, cannot institute proceedings for that purpose, after the death of the grantor, unless before his decease he obtained judgment against him, or an administrator has been appointed.

ERROR to the *Vanderburgh* Circuit Court.

SMITH, J.—This was a bill in chancery filed by *Raleigh* and *Byrne* against *Lynch* and the unknown heirs of *Thomas Donohoe.*

The bill charges that during the years 1847 and 1848, *Donohoe* became indebted to the complainants, by several business transactions, to the amount of about 190 dollars; that in *November,* 1846, *Donohoe* was the owner of a certain tract of land, and being threatened with a suit in which he had reason to believe judgment to a large amount would be recovered against him, and there being a judgment against him on the docket of a justice of the peace which he wished to avoid payment of, he conveyed the land to *Lynch* by a deed which was duly recorded; that said deed was made voluntarily, without consideration, and to prevent the recovery of any judgment which might be rendered against him in said anticipated suit;

and that there was an agreement between the parties that *Lynch* should reconvey the land to *Donohoe.*

It is also alleged that *Donohoe* continued to exercise acts of ownership over the land after the pretended sale, and that he died out of the state in 1848, leaving heirs whose place of residence is unknown. The object of the bill was to have the conveyance to *Lynch* set aside as fraudulent, and the land subjected to the payment of the debts of the complainants.

*Lynch* answered and denied that the deed was made voluntarily, without consideration. He admits that there was, at the time, a judgment rendered by a justice of the peace against *Donohoe* and in favor of one *Hall,* for 8 cents and some costs; and he also admits that he agreed to reconvey the property to *Donohoe* upon his refunding to him the consideration he paid, and upon his paying him such sums as he should expend in improvements upon the land.

Several depositions were taken, but the only material facts they disclose, in addition to those that may be considered as established by the bill and answer, are, that *Donohoe* did give some directions respecting the cultivation and improvement of the land after the deed had been delivered to *Lynch,* and that both *Donohoe* and *Lynch* had admitted, at various times, that the sale was made with a view to prevent *Hall* from subjecting it to the payment of his judgment. There is no direct evidence as to the consideration of the deed, except the testimony of the subscribing witness, who states in his deposition, that he saw *Lynch* pay *Donohoe* a sum of money at the time the deed was executed, but did not know the amount.

The Court, on the hearing, rendered a decree conformably to the prayer of the bill.

One objection made to the decree is, that it does not appear that the complainants had established their demands by a judgment at law. It may not be necessary for creditors to obtain a judgment before filing a bill to have a fraudulent conveyance set aside, when the debtor is deceased. *O'Brien* v. *Coulter,* 2 Blackf. 421.

We think, however, the decree is not justified by the facts in evidence. The deed to *Lynch* was made and recorded before the debts of the complainants were contracted, and there is not the slightest evidence that it was made with any view to defraud subsequent creditors. Supposing it to be sufficiently proved that *Lynch* knew *Donohoe's* object in selling to him was to avoid the payment of the costs on *Hall's* judgment, though the land might, perhaps, be subjected to the payment of those costs, it would not follow that the conveyance would be voidable for debts subsequently contracted. See *Abbott* v. *Hurd*, 7 Blackf. 510.

The decree cannot be sustained on the ground that the conveyance should be considered a mortgage, the complainants occupying the position of junior mortgagees or creditors entitled to redeem, because they could not institute proceedings for that purpose without having previously procured a judgment, or without the appointment of an administrator.

*Per Curiam.*—The decree is reversed, and the cause remanded, with instructions to the Circuit Court to dismiss the bill.

*A. L. Robinson*, for the plaintiffs.
*J. E. Blythe*, for the defendants.