HANNIBAL A. CONVERSE, TRUSTEE, *vs.* LANSFORD W. HARTLEY
AND WIFE.

A voluntary conveyance not fraudulent in fact is good against subsequent creditors.

The reason why a voluntary deed is regarded as fraudulent against prior creditors, is the presumption of law that credit was given on the apparent ownership of the property conveyed by the deed.

On the trial of a bill in chancery brought by a trustee in insolvency against his insolvent, to set aside a deed of certain real estate, as voluntary and fraudulent against creditors, the petitioner offered evidence to prove that credit was given to the respondent on the ground of his apparent interest in the property, but the bill contained no allegation of that fact. Held, that such evidence, by reason of the presumption of law, was unnecessary, but was admissible.

It appeared in the above case that the equitable title to the land was in the wife of the respondent solely, and that, by mistake and without her knowledge, the legal title had been conveyed to her and the respondent jointly, instead of to her alone. The respondent afterwards, and while the legal title to one moiety of the land remained in him, invested money derived from his own funds, to the amount of $1,447, in permanent improvements thereon, and afterwards, at the request of his wife, for the purpose of correcting the mistake and without any fraudulent intent, conveyed his title to her. The wife was made a party to the bill. The whole value of the property was $6000, and the prior debts of the husband amounted to $792. Held, that the conveyance was, to the extent of the value of the improvements, fraudulent against prior creditors ; that the deed

should not be set aside wholly, but that the petitioner should be regarded as having an equitable lien upon such proportion of the whole property as was represented by the improvements ; and that a decree should be passed, authorizing the petitioner, on the failure of the respondents to pay the $792 with interest, within a time limited by the decree, to sell such an undivided interest in the property, not exceeding $\frac{1447}{6000}$ of it, as should be necessary to raise that sum.

It is competent for the court on a hearing for the purpose of finding facts additional to those previously found by a committee, to receive evidence of facts alleged in the bill, which the committee has reported as " not proven."

BILL in equity, brought by the petitioner as trustee in insolvency to set aside a conveyance made by the insolvent of certain real estate.

The case was referred by the superior court to a committee to find the facts. The report of the committee was returned to and accepted by the court, and the case was reserved for the advice of this court at its February Term, 1862. This court advised the superior court to find additional facts upon certain points in the case before passing a decree, and the superior court afterwards made a special finding of facts additional to those found by the committee. The facts found by the committee and court are substantially as follows :

The respondent Adeline H. Hartley, the wife of the respondent Lansford W. Hartley, was the daughter and one of the heirs at law of one David Pinney, to whose estate the land described in the petition belonged. On the decease of said Pinney, an agreement was made between her and the other heirs, by which the land belonging to his estate was to be divided among them, she receiving the land described in the petition as her share. Her share in the estate was estimated at $3,700. The value of the land agreed to be conveyed to her by the other heirs was estimated at $6,000. It was therefore agreed that she and her husband should execute a note to the other heirs for $2,300, for the difference, which should be secured by a mortgage of the land conveyed to her. In pursuance of this agreement, on the 14th of April, 1859, a deed of the land was executed by the other heirs, but by mistake, and without her knowledge, the deed was made to herself and her husband jointly, instead of to herself alone. On the same day a note for $2,300, secured by a mortgage of the

land, was executed by her and her husband. At the time the deed to her and her husband was executed, it was understood and agreed between them that the note for $2,300 should be paid from the avails of timber and wood to be sold from the land if sufficient, and if not, that the deficiency should be supplied from the sale of a portion of the land, and that the remainder should be the property of said Adeline. Accordingly wood, timber and lumber to the amount of $2,480 were sold from the land, and also a part of the land itself, to the amount of $300. The avails of these sales were received by Mr. Hartley. From the money thus received a payment of $600 was made on the note, before the 5th day of May, 1860; and the balance was expended in the payment of the family expenses, of Mr. Hartley's debts, and of the cost of erecting certain buildings on the land. The note for $2,300 remains unpaid except as above; and the mortgage security for the same has never been discharged.

In addition to the above sums of $2,480 and $300, Mr. Hartley, in the months of April and September, 1859, received from his wife $337, being money which she had received from her father's estate.

During the year 1859, and subsequently to the execution of the deed to himself and wife, Mr. Hartley erected a house and barn on the land, costing about $2,700. The precise cost was not found. He invested in these buildings of his own means $1,447.16, of which $540 is still owed by him. In their erection credit to the amount of $526 was given to him on account of his apparent interest in the property, with the knowledge and consent of his wife, and without any notice from either of them that he had no equitable title, and the creditors had no knowledge of it.

Mrs. Hartley did not know that the legal title to one moiety of this land had become vested in her husband until the month of May, 1860. On the 5th of May, 1860, Mr. Hartley quitclaimed the land to one Henry H. Converse, and on the same day Converse quit-claimed it to her. These conveyances were made at her request, for the purpose of transferring to her the title to the undivided moiety held by her husband. The su-

perior court further found that no fraud was intended on his part or hers in the conveyance.

The court further found that at the time of the execution of this deed, there were debts outstanding and justly due against Mr. Hartley, amounting on the 26th day of January, 1860, to $792.90, and debts either then due or subsequently accruing, amounting to the sum of $99.82. This fact was not found by the committee, but the committee found all the allegations in the bill not specifically found to be true, to be not proved. The respondents objected to the evidence offered to prove such indebtedness, on the ground that the fact had already been passed upon by the committee. They also objected to the evidence offered to prove that credit had been given to Mr. Hartley on the ground of his apparent interest in the property. The bill contained no allegation to that effect. The court overruled both objections and admitted the evidence.

Mr. Hartley, subsequently to the conveyance to his wife, assigned all his property to the petitioner, as trustee for the benefit of his creditors, the conveyance however not purporting in so many words to convey any interest in the land described in the petition.

The property so assigned was not sufficient to pay his indebtedness existing at the time of the conveyance. The petitioner, as such trustee, brought this bill to set aside the deeds from Mr. Hartley to Converse and from Converse to Mrs. Hartley, alleging them to have been voluntary and made in fraud of Mr. Hartley's creditors.

Upon these facts the superior court passed a decree setting aside the deeds, and vesting the title to the land in the petitioner as trustee, enjoining him however to re-convey to Mrs. Hartley in case the respondents should pay to him, on or before a certain day, the sum of $892.72, being the amount of Mr. Hartley's indebtedness as found by the court.

The respondents thereupon filed a motion in error, and also moved for a new trial on account of the admission of the evidence objected to, and the case was brought before this court.

Converse *v.* Hartley.

*F. Fellowes* and *Chamberlin*, for the plaintiffs in error.

1. There is *no equity* in the decree. As to Mrs. Hartley it is most inequitable and unjust. The property was Mrs. Hartley's share of her father's estate. Her husband's name was included in the conveyance *without the knowledge of his wife*, and, as the facts show, by mere error and mistake. Nor is Mrs. Hartley estopped from claiming the property by the fact that her husband obtained credit on account of his apparent interest in the land with her knowledge and consent. To constitute an estoppel *in pais* the *intent* to mislead must appear. But the conveyance to Mrs. Hartley was made *without intent to defraud*. *Brown* v. *Wheeler*, 17 Conn., 352, 353 ; *Rowe* v. *Jerome*, 18 id., 138 ; *Dyer* v. *Cady*, 20 id., 563 ; *Cowles* v. *Bacon*, 21 id., 451 ; *Preston* v. *Mann*, 25 id., 118 ; *Danforth* v. *Adams*, 29 id., 107. Moreover the evidence to prove that such credit was given was improperly admitted. There is no such allegation in the bill. *Boswell* v. *Goodwin*, 31 Conn., 74.

2. If such evidence were admissible, and the fact that such credit was given would create an equity in favor of the creditors so trusting Hartley on account of his apparent interest in the property, such equity did not vest in the plaintiff as trustee, but is a special equity to be enforced by those particular creditors. *Mechanics' Bank* v. *N. Haven & N. York R. R. Co.*, 3 Kernan, 638, and cases there cited.

3. The court erred in requiring Mrs. Hartley to pay the debts of her husband which accrued subsequently to the conveyance to her, and debts of creditors not specially giving him credit on the faith of his apparent interest in the estate. It is expressly found that *no fraud was intended*. Therefore if the conveyance had been voluntary, it is voidable only on behalf of creditors then existing. *Sexton* v. *Wheaton*, 8 Wheat., 229 ; *Green* v. *Tanner*, 8 Met., 419 ; *Hinde's Lessee* v. *Longworth*, 11 Wheat., 211 ; *Benton* v. *Jones*, 8 Conn., 191 ; *Clark* v. *French*, 23 Maine, 221 ; *Johnston* v. *Zane's Trustees*, 11 Grattan, 552 ; *Beal* v. *Warren*, 2 Gray, 453.

4. The court erred in admitting the evidence offered to prove that there were debts outstanding against Mr. Hartley at the time of the execution of the deed to Mrs. Hartley.

Converse *v.* Hartley.

The committee did not find that there were any debts outstanding against Hartley at that time, and has found that all the allegations not found by him to be true were " not proven," that is, " not true." The court sitting to learn additional facts can not find facts inconsistent with a previous finding of a committee whose report has been accepted and become a part of the record.

5. The decree is erroneous, inasmuch as the bill contains no allegation of title in the plaintiff and there is no finding of such title. 2 Swift's Dig., 203, 204; *Bailey* v. *Ryder*, 10 N. York, 363 ; *Rowan* v. *Bowles*, 21 Ill., 17 ; *Scudder* v. *Young*, 25 Maine, 153 ; *Cruger* v. *Halliday*, 11 Paige, 314 ; *Peck* v. *Mallams*, 10 N. York, 609 ; *Hobart* v. *Frisbie*, 5 Conn., 592 ; Story Eq. Pl., §§ 24, 257.

*T. C. Perkins* and *C. E. Perkins*, for the defendant in error.

1. The evidence objected to was properly admitted. 1st. The evidence of the fact that credit was given to Hartley on the ground of his apparent interest in the property, with the knowledge and consent of his wife, was admissible under the allegations in the bill that the conveyance from Hartley to his wife was voluntary, and made fraudulently and with intent to prevent his creditors from collecting their debts, and that Mrs. Hartley knew it. 2d. As to the evidence of Hartley's indebtedness, the superior court had a right on a further hearing to modify or change the finding of the committee. It was not obliged to confirm the finding of the committee as to all facts found, and especially was not precluded from further inquiry as to facts which the committee reported to be not proved. *Kendall* v. *N. England Carpet Co.*, 13 Conn., 383 ; *Hall* v. *Cone*, 5 Day, 543 ; *Knapp* v. *White*, 23 Conn., 529 ; *Callender* v. *Colegrove*, 17 id., 1 ; *Smith* v. *Brush*, 11 id., 359 ; *Hoyt* v. *Smith*, 28 id., 466.

2. The court did not err in including in its decree the debts which accrued subsequently to the deed to Mrs. Hartley. The rule is that if a deed is to be set aside for fraud as to creditors before the deed, it will be set aside as to all. *Hutch-*

*inson* v. *Kelly,* 1 Rob. (Va.,) 123, 129, 133 ; *Beach* v. *White,* Walker Ch. R., 495.

3. The court did not err in setting aside the deed to Mrs. Hartley, and vesting the title to the land in the petitioner. The object of the bill is to give the petitioner a title, and this is the only way in which that can be done.

4. All the equities which Hartley had against his wife, and those which he as a debtor and his creditors through him had, became vested in the petitioner as general assignee of Hartley. The effect of our statutes of insolvency is to give the trustee in insolvency the rights both of the debtor and of his creditors. *Rood* v. *Welch,* 28 Conn., 157 ; *Shipman* v. *Aetna Ins. Co.,* 29 id., 245 ; *Waterman's Appeal from Probate,* 26 id., 96.

DUTTON, J. On the 14th day of April, 1859, a division was made between the wife of Lansford W. Hartley and the other heirs of her father, by which she was to take the land described in the petition in this case, as her share of her father's estate. As her share was estimated at $3,700, and as the property in question was valued at $6,000, she and her husband were to give a note to the other heirs for $2,300, secured by a mortgage of this piece of land. This arrangement was carried into effect, except that through mistake and misapprehension the deed was given to Hartley and his wife jointly instead of being given to the wife alone. The note was to be paid out of the property by sale or otherwise.

If nothing further had been done, it is clear that Mrs. Hartley would have had an equitable right to have the title transferred from him to her, subject to the mortgage, and that this right would have been paramount to any claim of his creditors. *Stedwell* v. *Anderson,* 21 Conn., 139. But the facts found in the case show that although he received the avails of the sales of wood cut on the land and of portions of the land itself, and also received moneys which belonged to his wife, yet that he had beyond this expended $1,447.16 of his own funds in permanent improvements on the property. As the legal title in part was in him, the legal and equitable title to these improvements vested in him, and a court of equity would not

compel him to part with the legal title till he had received payment for these advancements. *Stedwell* v. *Anderson*, supra.

It appears that Hartley through a third person quit-claimed all his interest in the property, which would carry these improvements, to his wife, without any consideration except the equitable right of his wife to the mere title to the land. This was manifestly fraudulent in law as against his creditors. The petitioner is entitled therefore to relief in some form. The court below by its decree vacated the whole title conveyed by Hartley to his wife, and then gave her a right, on the performance of certain conditions, to a restoration of it. This we think was inequitable and erroneous. Mrs. Hartley has done nothing to forfeit her right to both the legal and equitable title to the land. There was no fraud in fact. The petitioner has no claim to a title to any portion of the land. He is entitled to the benefit of the improvements, and as these can not be separated from the land itself without great injury and loss, he has an equitable lien, which is to be enforced like any other equitable lien. Mrs. Hartley should be foreclosed unless she satisfies the just claims of the creditors, or rather, what would be more equitable under the circumstances and less oppressive to her, on her default a sufficient undivided interest in the property subject to the mortgage should be sold and the money for the payment of the creditors be raised by it. The decree of the superior court must therefore be reversed.

The decree was also erroneous in part on another ground. Mrs. Hartley was required, in order to retain the property, to pay the whole amount of the debts allowed by the commissioners. This includes $99.82 which accrued after the deed from Hartley was given. The superior court found there was no fraud in fact. The conveyance was therefore good against subsequent creditors. *Benton* v. *Jones*, 8 Conn., 186 ; *Hinde* v. *Longworth*, 11 Wheat., 199.

The decree should have been, therefore, that unless the respondent should pay to the petitioner, within such time as the court should limit and appoint, the sum of $792.90, the

amount of the debts which accrued prior to the conveyance by Mr. Hartley to his wife, with interest, the petitioner should be authorized to sell such an undivided interest in said property, subject to said mortgage, not exceeding the proportion of 1,447 to 6,000, as will raise the sum of $792.16, and that the title to the purchaser be made effectual.

The motion for a new trial in this case raises the question, in the first place, whether it was competent for the petitioner to prove that creditors of Hartley gave him credit on the ground of his apparent ownership of the land which he afterwards conveyed through a third person to Mrs. Hartley. It is difficult to conceive of any ground of objection to this evidence. The reason why a voluntary deed is regarded as fraudulent against prior creditors, is the presumption of law that credit was given on the apparent ownership of the property conveyed by the deed. The evidence offered was unnecessary, but could not prejudice the case.

The other point raised on the motion is, that the superior court received evidence of facts alleged in the bill which the committee reported as not proved. This, according to the practice in this state in chancery proceedings, was correct. Committees are appointed to aid the court in finding facts. A part of these may be found by the committee and the residue by the court, or the whole may be found by either, although the whole must be sanctioned by the court. There was nothing inconsistent in what was reported by the committee with what was subsequently found by the court.

The motion for a new trial must therefore be denied.

In this opinion the other judges concurred.