## Peter R. Hall *versus* Isaac Sands.

Under our statutes, a creditor may levy upon real estate, which the debtor, having had the legal title thereto, has fraudulently conveyed.

Such land may be attached, as well in actions of *tort* as of *contract*, and held as against subsequent conveyances.

The plaintiff in an action of tort becomes a *creditor*, when he recovers his judgment.

By the statute 13 Eliz., c. 5, a fraudulent conveyance, for a valuable consideration, is void as to all persons liable or intended to be injured thereby.

And if it is both *fraudulent* and *voluntary*, so as to raise the presumption of a secret trust, it is a continuing fraud, and void both as to *existing* and *subsequent* creditors.

A fraudulent conveyance, for a sufficient consideration, is void as to *subsequent* creditors, only when it was made for the purpose of defrauding them.

A plaintiff in an action of tort, attaching real estate which the defendant had previously mortgaged, can avoid the mortgage only by showing that it was fraudulent *as to him.*

In such a case, an instruction to the jury, " that, if the mortgage was fraudulent, it could only be avoided, on that ground, by the then existing creditors of the grantor," is erroneous.

If such mortgage was intended to delay or defraud subsequent creditors, it is voidable as to them; and the question of fraudulent interest is one of *fact* for the jury.

On Exceptions to the ruling of Davis, J.

Real Action. The plaintiff claimed under a levy; the defendant under a mortgage.

The plaintiff commenced an action against one James P. Hall, and attached the premises, Feb. 9, 1861, recovered judgment, May 22, 1862, and levied his execution on the premises, June 5, 1862. James P. Hall mortgaged the premises in question to one Low, June 24, 1851, and April 15, 1861, released his equity of redemption to the defendant, who had become assignee of the mortgage, April 4, 1861.

The plaintiff contended that this mortgage was fraudulent and void as to creditors.

The Judge instructed the jury, that, if the mortgage from James P. Hall to Low was fraudulent and designed to defraud Hall's creditors, it could only be avoided on that

ground by then existing creditors of James P. Hall; that, as between the parties, such a deed would be valid, and would be good as against all other parties except creditors of James P. Hall at time of conveyance; that, if the conveyance is to be taken as made in 1851, plaintiff is not entitled to recover, although the jury should find the deed was intended to defraud the creditors of said Hall, as plaintiff was not then a creditor of James P. Hall. But that, if it was designed and intended that the property should continue James P. Hall's, there being nothing due Winslow Hall, and the object of the mortgage being to deter the creditors of James P. Hall from attaching it, then the jury would be authorized to find the conveyance to have been made in April, 1861, and, in that case, if said assignment and conveyance to Sands was intended to defeat, defraud, or delay the creditors of James P. Hall, the plaintiff is entitled to recover. But, if the assignment and conveyance to Sands was not made with such intent, then the plaintiff was not entitled to recover on the ground of fraud.

The plaintiff requested the Court to instruct the jury, that, if the original mortgage to Low was fraudulent as to the creditors of James P. Hall, and without consideration, and the property was still held in trust for the benefit of James P. Hall, then the plaintiff's rights accrued from his attachment on the writ, and he could recover in the action. But the Court ruled that, under these circumstances, plaintiff could not recover unless the assignment and conveyance to Sands was also intended to defraud, defeat, or delay the creditors of said James P. Hall.

The verdict was for the defendant, and the plaintiff excepted.

*E. & F. Fox*, for plaintiff.

The requested instruction should have been given. *Clark* v. *French*, 23 Maine, 221; *Smith* v. *Parker*, 41 Maine, 452; R. S., c. 81, §§ 27 and 28; *Davenport* v. *Tilton*, 10 Met., 327; *Hubbard* v. *Hamilton*, 7 Met., 345; *Trull* v.

*Bigelow*, 16 Mass., 410 ; *Nason* v. *Grart*, 21 Maine, 164 ; *Brown* v. *Williams*, 31 Maine, 406 ; *Saco* v. *Hopkinton*, 29 Maine, 272 ; *Flynt* v. *Arnold*, 2 Met., 621 ; *Anderson* v. *Roberts*, 18 Johns., 532.

In *Saco* v. *Hopkinton*, if this point had been made and decided according to the instruction in question, it would have disposed of the case. But the Court examined the validity of the attachment and decided the case upon the ground that it was invalid, whereas, if the doctrine of the instruction in this case is correct, it made no difference whether the attachment was valid or not.

Again, the defendant took this mortgage and note, long after it was due, and it may be impeached in his hands, as well as in the grantee's. *Sprague* v. *Graham*, 29 Maine, 162.

*Fessenden & Butler*, for defendant.

The instructions taken together were correct. *Bullard* v. *Hinkley*, 6 Maine, 289.

The previous attachment of the plaintiff, in Feb., 1861, did not interfere with defendant's rights under his assignment of April, 1861, because, (1,) the record title of the mortgage was in Francis Low, and defendant was not bound to take notice of an attachment against J. P. Hall subsequent to the date of the mortgage; and, (2,) the plaintiff not having become a creditor of J. P. Hall until his judgment, his levy, *as against defendant*, did not relate back to his attachment.

The opinion of the Court was drawn by

Davis, J.—By our Revised Statutes, c. 76, § 13, derived from the statutes and Province laws of Massachusetts, a levy may be made upon land fraudulently conveyed by a debtor. This applies to land of which the debtor had the legal title before the conveyance. And, by c. 81, § 28, all real estate liable to be thus taken in execution may be attached on mesne process. By such attachment, the creditor acquires a lien upon the property, which is preserved and

perfected by the levy, so as to be good against any intervening conveyance. Such a lien, by attachment, may be secured as well in actions on the case for *torts*, as in suits upon contracts. *Lowry* v. *Pinson,* 2 Bailey, 324. And the plaintiff in such an action becomes a *creditor* when he recovers his judgment.

By the statute 13 Eliz., c. 5, all such conveyances are void, but "*only* as against that person or persons, his or their heirs, successors, executors, administrators and assigns, whose actions, suits, debts, accounts, damages, penalties, &c., *are, shall*, or *might be* in any way thereby *disturbed, hindered, delayed*, or *defrauded.*"

By the statute 27 Eliz., c. 4, all *voluntary* conveyances, whether fraudulent or not, were made void as to subsequent *purchasers*, without notice.

Though these statutes were entirely distinct, they have often been connected, for the reason that a *voluntary* conveyance, by an insolvent debtor, is also presumed to have been *fraudulent*, with the reservation of a secret trust for his own benefit. Such a conveyance being void for one reason as to one class of persons, and void for another reason as to another class, some confusion has resulted in the judicial decisions.

Under the first statute, a *fraudulent* deed, whether voluntary, or for a good consideration, is void as to *all persons liable or intended to be injured thereby*. Such is the obvious meaning of the language. But the fact that it is *voluntary* is not, therefore, immaterial. It may affect the case in two very important particulars.

1. Upon the question of intent to defraud *any person*, it may be decisive. For, often, the most conclusive evidence of fraud, if the grantor was in debt, is the fact that he received no consideration for his deed.

2. And it may be quite as decisive upon the question as to *what persons* were liable or intended to be defrauded. For if it was both *fraudulent* and *voluntary*, so as to raise the presumption of a secret trust, it is a *continuing fraud*,

'affecting those who subsequently give credit to the grantor. He not only *puts* his property beyond the reach of *existing* creditors; he *keeps* it beyond the reach of *subsequent* creditors. His conveyance operates, and must be presumed to have been *intended* to operate, to the injury and delay of both classes of creditors alike. It is therefore void as to both alike. *Carlisle* v. *Rich*, 8 N. H., 44; *Parkman* v. *Welch*, 19 Pick., 231.

A debtor may make a fraudulent conveyance for a good and sufficient consideration, and afterwards, with the proceeds of the sale, pay or adjust all claims against him. Such cases are not infrequent. It is not easy to perceive how such a conveyance could operate to the injury of *subsequent* creditors; or that it could have been made *for that purpose*. That such must have been the purpose, or effect, in order to render the deed void *as to them*, seems to be clear. *Howe* v. *Ward*, 4 Greenl., 195.

The same conclusion would seem to result, not only from the language of the statute, but from the construction given to it, in that class of cases where debtors have conveyed property not liable to attachment or execution. Such conveyances, though made with a fraudulent intent, are held to be valid, for the reason that creditors cannot be injured by them. 1 Story's Eq., §§ 366–369; *Legro* v. *Lord*, 10 Maine, 161.

In the case at bar, the conveyance was a mortgage, and was made June 24, 1851. Nearly ten years afterwards, Feb. 9, 1861, the plaintiff commenced his action on the case for slander, and attached the premises as the property of the mortgager. The mortgage was assigned to the defendant, April 4, 1861; and the mortgager released the right of redemption to the defendant, April 15, 1861. The plaintiff recovered judgment against the mortgager, May 22, 1862, and extended his execution on the premises, June 5th, 1862. By his attachment, his rights are superior to those of the defendant under his release of the equity of redemption from the mortgager, but inferior to the rights of defendant as as-

signee of the mortgage, unless the mortgage was fraudulent and void as to him. He could not be considered a creditor until long after the mortgage had been given. And the jury were instructed "that, if the mortgage was fraudulent, it could only be avoided on that ground by the then existing creditors of the grantor." The question, whether subsequent creditors were intended or liable to be injured by it, was not submitted to the jury, or alluded to as having any bearing on the case. A fraudulent *mortgage* is almost necessarily a continuing fraud, affecting subsequent as well as prior creditors. But it is not correct to say of any fraudulent conveyance, as a rule of *law*, that it can only be avoided for that reason by "*existing* creditors." The question is one of *fact*. If it is valid as to *subsequent* creditors, in any case, it is on the ground that *they* were not intended or liable to be delayed, disturbed, hindered, or defrauded by it; and the jury should be so instructed. The instructions were therefore erroneous.

> *The exceptions must be sustained,*
> *and a new trial granted.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.