---

## No. 9338.

## STUMPH v. BRUNER ET UX.

FRAUDULENT CONVEYANCE.—*Subsequent Creditors.*—*Trusts.*—*Presumption.*— A conveyance to defraud existing creditors, but without any secret trust or any intent to defraud subsequent ones, taken by the debtor to another, can not be held fraudulent at the suit of the latter, under section 2975, R. S. 1881.

From the Superior Court of Marion County.

*D. V. Burns* and *C. S. Denny*, for appellant.

*R. O. Hawkins, P. Norton* and *C. F. Rooker*, for appellees.

BLACK, C.—The appellant sued the appellees, John Bruner and Caroline Bruner, his wife, to subject to sale certain real estate in Marion county, the legal title to which was in said Caroline, to satisfy a judgment rendered against her said husband in favor of one Minerva Carter, and assigned by her to the appellant.

Issues were formed, and the cause was submitted for trial to the court. The court stated in writing the facts and the conclusions of law upon them, and judgment was entered accordingly, which, on appeal to the general term, was affirmed.

The question to be decided here is whether the court erred in its conclusions of law upon the facts found.

The special finding was as follows:

"The court, having been requested by the plaintiff to find specially the facts and conclusions of law herein, finds the following to be the material facts: On February 15th, 1868, the defendant John Bruner, who was then and ever since has been the husband of his codefendant, Caroline Bruner, became

indebted jointly with one Spiegelworth to one Julia Brennan, as evidenced by certain notes executed on said last mentioned date. Being still indebted to said Julia Brennan upon the indebtedness aforesaid, the said John Bruner, on February 14th, 1870, purchased, with his own means (the said Caroline paying no part of the consideration), of one Mitchell the real estate in controversy, which is the same more particularly described in the plaintiff's complaint herein; and for the purpose of hindering, delaying and defrauding the said Julia Brennan in the collection of her said claim against him, he, the said John Bruner, procured the said Mitchell to convey said real estate to his wife, the defendant Caroline Bruner, who had notice when she accepted said conveyance of the fraudulent intent of her said husband, he, the said John Bruner, not then and not since having any other property out of which said claim of said Julia Brennan could be made.

" On June 21st, 1870, the said Julia Brennan recovered a judgment against said John Bruner in the Marion Civil Circuit Court, upon the notes before mentioned, and afterwards, to wit, on January 21st, 1873, she began in said court an action to have said conveyance by said Mitchell to said Caroline Bruner declared fraudulent, and to subject the real estate aforesaid to the payment of her said judgment, and such proceedings were had in said action, that, on November 1st, 1873, the said court rendered a finding and judgment therein, in which it was, among other things, found and adjudged that the said John Bruner had procured the title to said real estate to be conveyed to his wife, the said Caroline, for the purpose of hindering, delaying and defrauding his creditors, of which she, the said Caroline, had notice at the time when she accepted said conveyance, that the said real estate was subject to sale on execution, as the property of said John Bruner, to satisfy the said judgment of said Julia Brennan, and that the title of said Caroline in and to said real estate, in so far as the same was an obstruction to the collection of said judgment, should be set aside and held for naught.

"Upon said last mentioned judgment in favor of Julia Brennan aforesaid, said real estate was sold, but the defendant Caroline Bruner afterwards redeemed the same by payment in full of said Julia Brennan's judgment and costs, for the satisfaction of which said sale was ordered and made; and she, the said Caroline, has ever since held, and still holds, the legal title to said real estate.

"On April 2d, 1874, one Minerva E. Carter began an action in this court against the said John Bruner, wherein she claimed damages by reason of the alleged wrongful sales by him to her husband, beginning about six months prior to the commencement of said action and continuing up to the said commencement thereof, contrary to the provisions of an act of the General Assembly, entitled 'An act to regulate the sale of intoxicating liquors,' etc., approved February 27th, 1873; in which said action the said Minerva E. Carter, on the 28th of September, 1874, recovered judgment against said John Bruner for the sum of $1,000; that afterwards, and before the commencement of this action, the said Minerva E. Carter sold and assigned her said judgment to this plaintiff, John B. Stumph, who is still the owner thereof.

"By the said conveyance, hereinbefore mentioned, by said Mitchell to said defendant Caroline Bruner, it was not intended by either the said John Bruner, the said Mitchell, or the said Caroline Bruner, to hinder, delay or defraud any subsequent creditors of said John Bruner, or any of his existing creditors other than the said Julia Brennan; and when said conveyance was made, the claim of said Minerva E. Carter was not in existence or contemplated by any of the said parties.

"Upon the foregoing facts the court finds and states the following conclusions of law: That the facts hereinbefore found are not sufficient to constitute a cause of action, or to entitle the plaintiff to any relief whatever, as against the defendant Caroline Bruner."

It was sought in this proceeding to subject the real estate

in question to sale under the provisions of the sixth and seventh sections of the statute concerning trusts and powers. 1 R. S. 1876, p. 915. By said section 6 it is provided that " When a conveyance, for a valuable consideration, is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections."

Section 7 provides that " Every such conveyance shall be presumed fraudulent, as against the creditors of the person paying the consideration therefor, and where a fraudulent intent is not disproved, a trust shall, in all cases, result in favor of prior creditors, to the extent of their just demands; and also in favor of subsequent creditors, if there be sufficient evidence of fraudulent intent."

A distinction is here expressly made between prior and subsequent creditors.

In *Winn* v. *Barnett,* 31 Miss. 653, it was said : " It is true, that it has been held in some cases, that where a conveyance by a debtor was fraudulent in its inception as to his creditors at the time, it will be so treated as to subsequent creditors. But these cases must rest upon one of two principles, the property was either so situated that it enabled the debtor to obtain credit upon the faith of it, or the fraudulent vendee was regarded as a trustee under the secret arrangement between the parties, and in virtue of such secret understanding, bound at least so far as his word or such contract could bind him, to account to the fraudulent vendor. * * In the present case, however, it is neither shown that the debts were contracted upon the faith of the property, nor that the defendant was in any manner a trustee for, or accountable to, her husband." See, also, *Keeler* v. *Ullrich,* 32 Mich. 88 ; *Kane* v. *Roberts,* 40 Md. 590 ; *Converse* v. *Hartley,* 31 Conn. 372 ; *Kid* v. *Mitchell,* 1 Nott & McCord, 334 (9 Am. Dec. 702) ; *Hall* v. *Sands,* 52 Me. 355 ; *Shand* v. *Hanley,* 71 N. Y. 319 ; Bump Fraud. Conveyances, 319.

In *Clark* v. *French,* 23 Maine, 221, it was said : " If a deed

be made, which is intended to be absolute, without the reservation of any secret trust for the benefit of the vendor, although made with a fraudulent intent, well understood and intended, by both parties, to place the property beyond the reach of creditors, and although made for a valuable consideration, yet, wanting the other ingredient, viz. good faith, it shall be avoided only by creditors existing at the time. * * Some of the seeming discrepancy in the authorities may have arisen from not discriminating between the different kinds of fraudulent conveyances, and the different degrees and shades of fraud in each.  For some a valuable and adequate consideration is paid, and actual possession delivered and retained, yet they are made with a view to aid the debtor to convert his property into that, which can not be attached or levied upon, and so to aid him in placing it beyond the reach of creditors.  But being covinous such conveyances may be avoided by creditors, who were such at the time, but not by subsequent creditors; for there will be no secret trust, in such cases, for the benefit of the vendor."

Whether a voluntary conveyance is fraudulent as to subsequent creditors, is a question that is to be determined from all the circumstances of the transaction.  Bump Fraud. Convey. 314.  In *Lynch* v. *Raleigh*, 3 Ind. 273, the court considered as of importance the question whether the conveyance was made with a view to defraud subsequent creditors, who alone were attacking it, though it was established that the conveyance had been made to defraud an existing creditor, and said that, supposing it to be sufficiently proved that the purchaser knew that his vendor's object in selling to him was to avoid the payment of a certain existing debt, though the land might perhaps be subjected to the payment of that debt, "it would not follow that the conveyance would be voidable for debts subsequently contracted."

Where prior creditors attack a conveyance such as that here under examination, it must, under the statute, be held fraudulent, unless fraudulent intent be disproved.  It is clear, un-

der the authorities, that if, in a particular case, fraud against prior creditors should be thus established only by presumption, this would not be sufficient proof of fraud against subsequent creditors. And yet the fraud would be none the less such because presumed instead of proved. Suppose that, in a suit brought by subsequent creditors alone, fraud as against prior creditors alone be proved, and not merely presumed, is it contemplated by the statute that this shall necessarily, in all cases, establish fraud, as against the subsequent creditors?

It seems that the fraudulent intent should relate to or affect subsequent creditors, and the burden of proving the necessary ingredients of the fraud is placed upon the subsequent creditors. Where it is not simply a case of subsequent creditors seeking to share with prior creditors in the proceeds, but the case is, as here, that of a subsequent creditor alone seeking to invalidate the conveyance, and subject the land to sale for his benefit, the prior creditor, to defraud whom alone the conveyance was made, having been paid by the grantee, the plaintiff should show that the conveyance was a continuing fraud, and not rely solely on the fact that it was made to defraud the prior creditor.

The statute fixes the title in the grantee free from any trust in favor of the person paying the purchase-money. No secret arrangement by which the grantee was to hold the real estate for her husband is stated, and it does not appear that the appellant or his assignor became a creditor of the husband, relying on this property. Indeed, it appears that the judgment of appellant's assignor was rendered upon a statutory cause of action, the statute by which the right of action was given having been enacted three years after the conveyance in question.

While it is found that the conveyance was made and received with intent to hinder, delay and defraud an existing creditor, whose claim has since been paid by the appellee Caroline, the grantee, it is expressly found that it was not made

with a fraudulent intent as to any other creditor, prior or subsequent, and that the claim set up in this action was not then in existence or contemplated, and that it was of such a nature that it could not then have been contemplated by any of the parties to the transaction.

. The question of intent to defraud subsequent creditors is made by the statute a different question from that of an intent to defraud prior creditors. Proof of an intent to defraud prior creditors may be evidence of the same intent as to subsequent creditors; but here it is found as a matter of fact that such intent did not exist as to subsequent creditors.

Upon the facts found we do not see how the court could have stated conclusions of law in favor of the appellant.

We think the judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, it is ordered, ELLIOTT, J., taking no part, that the judgment be and it hereby is affirmed, at appellant's costs.

Opinion filed at the May term, 1882.
Petition for a rehearing overruled at the May term, 1883.