Barrow *et al. v.* Barrow *et al.*

Filed Nov. 23, 1886.

———————◆———————

No. 12,870.

BARROW ET AL. *v.* BARROW ET AL.

| | |
|---|---|
| 108 | 345 |
| 130 | 503 |
| 108 | 345 |
| 132 | 61 |
| 133 | 284 |
| 133 | 695 |

FRAUDULENT CONVEYANCE.—*Husband and Wife. — Divorce. — Alimony.* —
    Where a wife joins her husband in conveying the latter's land to a third person, in order to place it beyond the reach of an anticipated action against the husband, she can not, after obtaining a divorce, have the conveyance set aside and the land subjected to the payment of a judgment for alimony rendered in her favor.

From the Monroe Circuit Court.

*R. A. Fulk*, for appellants.
*J. H. Louden* and *R. W. Miers*, for appellees.

ELLIOTT, C. J.—The appellee Mary Barrow brought this suit to set aside a conveyance executed to Rachel Barrow, and obtained the decree she sought.

David Barrow owned the land previous to his marriage

with Mary, on the 1st day of July, 1883. Shortly after his marriage, July 9th, 1883, he and his wife executed the deed to his mother, one of the appellants. In May, 1884, a decree of divorce was granted Mary Barrow, and a judgment for one hundred and fifty dollars alimony was rendered in her favor. She seeks to set aside the conveyance to her husband's mother as fraudulent, and subject the land to the payment of her judgment. But it is clear that the evidence does not make a case in her favor, for, upon her own testimony, the case is against her. She testified : " The deed was delivered to Mrs. Barrow by David, and she was to hold the land to prevent the Langley set from getting it. We made the deed because I was afraid of the Langley set, for David had been going with one of the Langley girls before we were married. I was afraid the Langley girl would break David up ; that the Langley woman would sue him for breach of marriage contract."

It is settled law that a voluntary conveyance is valid between the parties, and it is equally well settled that one who participates in a fraud can not avoid the transaction. These two principles would of themselves settle the case against the appellee, but there is still another reason why the appellee can not avoid the conveyance, and that is, she was in no sense a creditor of the grantor when the conveyance was made, and there is not the slightest evidence that the conveyance was made with intent to defraud her. It rests on the person who subsequently becomes a creditor seeking to set aside a fraudulent conveyance, to prove that there was an intent on the part of the debtor to defraud subsequent as well as existing creditors. *Stumph* v. *Bruner*, 89 Ind. 556.

Judgment reversed, with instructions to grant a new trial.
Filed Nov. 23, 1886.