**BEWASTER, Admr v FRANCK et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10942.   Decided June 15, 1931

MAUCK, PJ, and MIDDLETON, J (4th Dist) and FARR, J, (7th Dist) sitting.

John A. Cline, Cleveland, for plaintiff.
Messrs. Snyder, Thomsen, Ford, Seagrave and Roudebush, Cleveland, for defendant.

**FARR, J.**

The administration of the decedent's estate discloses by the acocunt filed in the Probate Court, cash on hand of $855 out of which costs and expenses were paid in the sum of $661.45 leaving a balance of $193.55. Although Mrs. Musal had been granted a divorce she was allowed $2000 for a year's support for herself and children out of her former husband's estate.  This, of course, was unauthorized in view of the previous

allowance of alimony to her and the award of twenty dollars per week continuing alimony, and especially in view of the decree of divorce, by reason of which she was not his surviving widow, nor was the allowance in any event a debt of the estate; **Lockwood v Krum, 34 Oh St 8;** Livermore v Bentelle, 11 Gray, 217; Barley v Bailey, 61 Maine, 361. There was, however, in addition to the foregoing assets of the estate some interest in other property probably amounting to about $1050, so that it would appear that there were sufficient assets to discharge the valid obligations against the estate of the decedent, without resorting to a proceeding to re-claim the property in question.

It is well settled that an administrator has no jurisdiction over the real estate of a decedent except to sell to pay debts; **Carr v Hull, 65 Oh St 398.** It is, therefore, difficult to determine that there were any valid debts of the estate which would invest the administrator with jurisdiction over the real estate.

The next proposition is whether or not the claim of fraudulent transfer is sustained in this case. It is disclosed that at the time the decedent made this transfer that he had other interests in real estate which he did not then or at any time attempt to transfer or alien. In addition to that is the fact that he and his brother Conrad had for some years been associated in business, Conrad occasionally making loans of money to his brother William, and Conrad testifies that everything was satisfactorily adjusted between them with reference to this transaction.

Mr. Patten, Vice President of The Union Trust Company as above stated was solicited to handle the transaction and all, together, these parties went to him and the deal was closed without any attempt at secrecy or concealment. It is further shown that Conrad evidently felt satisfied with the situation because he did not enter the deed for record for a little more than three years nor did William make any claim whatsoever concerning the return of this property prior to his death or after its transfer to Conrad; he evidently was content to leave it with Conrad. A case controlling in this behalf is **McCall v Pixley, 48 Oh St 382,** where it is said:

"It is well settled that a conveyance made in defraud of creditors is good between the parties. The title passes by the conveyance, subject only to the rights of creditors. The law will not permit a party

to establish his title by proof of his own fraudulent act. Nor, will the heir be heard to aver the fraud of his ancestor. Hence such conveyance cannot be avoided by the grantor, or his heirs, either at law or in equity. The statute which permits the sale, by an administrator, of lands which his intestate had conveyed in fraud of his creditors, was not designed for the benefit of the heirs, or distributees of the estate. It was enacted solely in the interest of the creditors, whose remedy it advances, by enabling the administrator to accomplish in a single proceeding, what formerly might require many actions, thus avoiding multiplicity of suits, and accumulation of costs, which, where the creditors are numerous, is a matter of importance."

There is taxed in the settlement account of the administrator the payment of an attorney's fee in the sum of $150 and this is said to have been an expense incurred by Mrs. Musal after her husband's death, in an attempt in an original proceeding to set aside this deed upon the ground that the property had been transferred to defraud the United States Government. However, the proceeding ended by the sustaining of a demurrer to the petition. The $150 fee of course was not a proper charge against the estate of Wm. F. Musal, especially because a debt incurred after the divorce and after the former husband's death.

This disposes of practically all questions of interest save and except the balance of $708 due Mrs. Musal upon the allowance of Twenty Dollars per week. This cannot avail, however, for the reason that Mrs. Musal joined in the transfer of the property and says that she knew that her husband was making the transfer to avoid any liability that might attach in behalf of the Government by reason of some information of the Prohibition Law. Therefore, she was a party to this transaction and if fraudulent she was a party to the fraud, and it is well settled that she must be left just where she placed herself. **Kahn, Jr. v Walton, 46 Oh St 195;** Barrow v Barrow, 108 Ind. 345; Davis v Grover, 29 Barb. N. Y. 480.

It is clear that the right of some creditor must be affected, which does not appear in the instant case; **Deney v Clark, as Admr., 55 Oh St 294.**

In view of the foregoing it becomes apparent that upon no ground insisted upon in behalf of the plaintiff may an order be made for the transfer of the property to the administrator for the purpose set out in the petition.

It follows, therefore, that the finding must

be for the defendants and the same judgment will be entered as in the court below.

MAUCK, PJ. and MIDDLETON, J, concur.