VAN HORN *v*. LINDSAY.

[No. 15,372. Filed May 24, 1937.]

*Julius C. Travis* and *Howard P. Travis,* for appellant.

*Miller & Miller* and *Louis B. Ewbank,* for appellee.

BRIDWELL, C. J.—Appellant brought an action against appellee for the possession of certain real estate situate in Clay County, Indiana, to which she asserted ownership. Appellee answered the complaint with a general denial, and also filed a counterclaim alleging in substance that appellee and appellant were the owners of the real estate described in the complaint and the coun-

terclaim as tenants in common, each owning an undivided one-half thereof, and prayed that the said real estate be partitioned, and the one-half thereof in value set off to him in severalty. An answer of general denial to the counterclaim was filed by appellant. The complaint was dismissed, and the cause submitted to the court for trial upon the issues formed by the counterclaim, and the answer thereto. Upon proper request the trial court made and filed its special finding of facts, and stated conclusions of law thereon. The decision was in favor of appellee, and appellant duly excepted to each of the conclusions of law. Judgment followed. Thereafter, and in due course, appellant filed her motion for a new trial, assigning as causes therefor that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. This motion was overruled, an exception to the ruling reserved, and this appeal perfected, the errors assigned and relied upon for reversal being claimed error in overruling the motion for a new trial, and in each of the conclusions of law.

The facts found by the court necessary for consideration in determining the legal rights of the parties are summarized as follows: On September 18, 1911, appellant and appellee were duly married, and while this relationship existed appellant became the owner of the real estate involved in this litigation, acquiring said real estate in 1931. In May of 1932, one Daisy VanHorn, then the wife of Charley VanHorn who afterwards became the husband of appellant, was threatening to bring an action for damages against appellant for the alienation of the affections of her husband, and appellant, learning of said threats, requested appellee to join her in the execution and delivery of a deed of conveyance to said real estate to her brother and his wife for the purpose of having the same conveyed by them to appellant

and appellee, husband and wife, as tenants by the entirety; that pursuant to said request the parties hereto did, in May, 1932, execute and deliver a deed conveying said real estate to appellant's brother, John J. Luther, and Mary Luther, his wife, who immediately thereafter, on the same day, executed and delivered a deed conveying the real estate to appellant and appellee, then husband and wife, as tenants by the entirety; that each of said deeds was duly acknowledged before a Notary Public in and for Clay County, State of Indiana; at the time of the execution and delivery of the deed conveying the real estate to appellant and appellee, the deed conveying the real estate to John J. Luther and Mary Luther was delivered by them to appellant and appellee for the purpose of having the same recorded. Neither of said deeds was ever recorded nor filed for record. Within a few days after said deeds were executed and delivered, appellant compromised and settled for the sum of $1,000 the claim for damages asserted by the said Daisy VanHorn against appellant, and thereafter, without the knowledge or consent of appellee caused the deeds involved to be wholly destroyed. After the deeds were destroyed, and before the commencement of this action, appellant procured a divorce from appellee and married the said Charley VanHorn. In addition to the facts heretofore summarized, the court, in finding number 10 of the special finding of facts, found as a fact that appellant and appellee is each the owner of an undivided one-half part of said real estate (describing it) as tenants in common, and that appellee is entitled to partition thereof. The first of the two conclusions of law stated by the court is to the effect that "the law is with" the appellee. The second we quote as follows: "That the said plaintiff, Mayme (Lindsay) Van-Horn, and said defendant and counterclaimant, Oscar

Lindsay, is each the owner of an undivided one-half (½) part of said real estate, in the counterclaim described, and here in question, as tenants in common, and that said defendant and counterclaimant, Oscar Lindsay, is entitled to partition thereof."

Appellant contends that the evidence is not sufficient to sustain certain of the findings made by the court and embodied in its special finding of facts, referring particularly to the findings which are to the effect that appellant requested appellee to join with her in conveying her real estate to John J. Luther and Mary Luther for the purpose of having the same conveyed by them to appellant and appellee, husband and wife, as tenants by the entirety, and that pursuant to such request appellee did so do.

We have read the entire evidence and find it conflicting as to material facts but sufficient to sustain each of the findings made. Appellant testified she had never signed any deed at any time conveying her real estate to anyone, but the evidence of all others testifying as witnesses who were in any way connected with the disputed transaction (the signing of the deed by appellant) is that she and her husband, appellee, did sign the deed conveying the real estate in question to her brother and his wife at his home, and that the brother and his wife immediately thereafter executed a deed to appellant and appellee, then husband and wife, for the same real estate, both deeds being acknowledged at the time before a notary public. There is also evidence to prove that appellant and her brother each told appellee to have the deeds recorded, and that he (appellee) took both deeds with him and retained them in his possession until the next day when he turned them over to his wife at her request.

Although appellant in her testimony asserted she did not execute any deed whatever, on appeal, in her briefs,

she contends that uncontradicted evidence given in the trial of the cause proves conclusively that her intent and purpose in transferring the real estate was nothing more than to avoid any judgment which might be rendered against her in the damage suit brought by Daisy VanHorn which was then pending; that when this claim for damages was settled the purpose of the deed was accomplished, and that she at no time ever intended to give to her then husband any interest in said real estate; that there is no finding nor evidence that appellee paid any consideration for any interest in the land, or paid any taxes thereon, and that the burden was on him to establish a consideration requiring a court of equity to sustain the deed.

We find no evidence tending to prove that appellee ever suggested, advised, or encouraged appellant to transfer her real estate. The trial court, however, and we think upon sufficient evidence, found that she did make such transfer. When the deeds were made and delivered the result of the entire transaction was to vest the title to said real estate in appellant and appellee as tenants by the entirety. When appellant secured a divorce from appellee, in the absence of any adjudication in the divorce proceedings as to their respective rights in the real estate (and no such adjudication is claimed or shown) they then became the owners of said real estate as tenants in common by operation of law.

It is well settled that when one transfers real estate by deed with the intent to delay, hinder, or defraud creditors the deed is voidable at the suit of the injured party but valid as between the parties thereto. Upon the record here we see no reason why this general rule should not apply. Appellant's contentions as to her intent and purpose being controlling and decisive of her present rights are not persua-

sive. She voluntarily caused the deeds to be made, and on appeal does not dispute the fact that the transactions were for the purpose of at least hindering and delaying Daisy VanHorn in the collecting of any judgment which might be secured against her, appellant, in the suit for damages which the evidence shows was pending when the deeds were executed.

In Bump on Fraudulent Conveyances, Vol. 4, section 432, the author, among other things, says: "A fraudulent grantee . . . is allowed to retain the property not for any merit of his own, but for the demerit of his confederate, in accordance with the wise and liberal policy which requires that the consequences of a fraudulent experiment shall be made as disastrous as possible. The law endeavors to environ a debtor with all possible perils, and make it appear that honesty is the best policy." See also *Barrow* v. *Barrow* (1886), 108 Ind. 345, 9 N. E. 371; *Lankford* v. *Lankford* (1901), (Ky.), 117 S. W. 962.

Appellant having of her own volition, in order to avoid a possible judgment, caused the title to the real estate involved to be vested in herself and husband as tenants by the entirety, and having thereafter again pursued a course of action which caused the title to said real estate to be held by herself and appellee as tenants in common, we see no good reason for holding that the trial court was in error when it decreed partition of such real estate.

Finding no reversible error, the judgment is affirmed.