Plunkett *v.* Plunkett *et al.*

No. 13,124.

PLUNKETT *v.* PLUNKETT ET AL.

FRAUDULENT CONVEYANCE.—*Subsequent Creditors.*—*Complaint.*— *Burden of Proof.*—A complaint by a subsequent creditor to set aside, as fraudulent, a conveyance of real estate made by his debtor, must aver an intention on the part of the grantor to defraud the plaintiff, or the class of creditors to which he belongs, and guilty knowledge on the part of the grantee, as in such case the burden of proving all that is necessary to establish the fraudulent intent rests upon the plaintiff.

SAME.—*Secret Trust.*—*Statute Construed.*—Section 4921, R. S. 1881, although not expressly so providing, applies to conveyances of real estate, and includes secret as well as declared trusts; and, under that section, where

land has been conveyed to a third person in secret trust for the use of a debtor, to whom the property really belongs, it may be reached by subsequent creditors and subjected to the satisfaction of their claims, and a complaint for that purpose will be good without an averment that the conveyance was made for the purpose of defrauding subsequent creditors.

SAME.—*Judgment for Alimony.*—A wife who has obtained a judgment for alimony is a subsequent creditor of her husband within the legal meaning of that term.

From the Montgomery Circuit Court.

*W. H. Thompson, J. West* and *W. B. Herod,* for appellant.

*G. W. Paul, J. E. Humphries, T. F. Davidson* and *W. M. Reeves,* for appellees.

NIBLACK, J.—The complaint of Mary E. Plunkett, the plaintiff below and the appellant here, charges that, on the 11th day of April, 1884, she obtained a decree of the Montgomery Circuit Court divorcing her from her late husband, John W. Plunkett, and a judgment against him for alimony in the sum of eight hundred dollars and the costs of the suit; that said judgment for alimony and costs remains unpaid; that the said John W. Plunkett has no property, either real or personal, in his possession, or the title to which is in his name, or which can be levied on and sold upon execution as his property; that the said John W. Plunkett, at the time of the rendition of such judgment for alimony and costs, had no property subject to execution except certain particularly described lots and parcels of ground of the aggregate value of four thousand dollars; that, although the said John W. Plunkett is the owner of the real estate thus particularly described, and has been receiving the rents and profits therefrom, he has for a long time kept the title thereto in the names of other persons; that such real estate now appears of record to be the property of Nathaniel Hamilton, who is made a co-defendant with the above named John W. Plunkett; that the said Hamilton received the apparent title to such real estate on the 5th day of November, 1879, but is not the true

owner thereof; that the said Hamilton, conspiring with, and intending to assist, the said John W. Plunkett in cheating, hindering and delaying his, the latter's, creditors, long before the decree of divorce and judgment for alimony and costs referred to were entered, and long before the plaintiff's suit for divorce was commenced, or her right of action had accrued, agreed to take, and did take, the title to such real estate in his own name, and has ever since fraudulently held, and still holds, the same, to prevent the plaintiff and other creditors of the said John W. Plunkett from collecting their lawful claims and judgments by the sale of such real estate upon execution; that said Hamilton paid no consideration for said real estate, and no consideration was paid for the conveyance of the same to him.  Wherefore the plaintiff demands judgment that her judgment for alimony and costs be declared to be a lien upon the real estate described, and that the same be sold to pay such judgment, and all other proper relief.

The defendants demurred separately to the complaint, and both demurrers were sustained.  Whereupon, the plaintiff declining to plead further, final judgment upon demurrer was given in favor of the defendants.  Consequently, the only question presented is: were the demurrers to the complaint rightly sustained?

The circumstances attending the alleged transactions between the defendants, Plunkett and Hamilton, are so meagerly stated as to leave us in much doubt as to the precise ground upon which the plaintiff bases her claim for relief.  The complaint does not distinctly charge that the defendant Plunkett purchased the lands described by it, out of his own means, and caused the lands to be conveyed to Hamilton.  Nor does it charge that he, Plunkett, first obtained title and then made a voluntary conveyance directly to Hamilton.  The inference is rather that other parties to the imputed fraud had preceded Hamilton as the merely nominal holders of the title to the lands.

In treating of fraudulent conveyances, reference is usually understood to be made, though not strictly so limited, to such conveyances as are executed by a failing or insolvent debtor himself to some other person, for the purpose of hindering, delaying or defrauding his creditors. .

Wait on Fraudulent Conveyances, at section 96, says that the great and practical distinction " between existing and antecedent creditors and subsequent creditors in most of the States, is that a voluntary alienation is, as to the former, presumptively fraudulent, while as to the latter the burden of proving an intention to commit a fraud rests upon the creditor. Subsequent creditors must, generally speaking, elicit facts showing contemplation of future indebtedness by the insolvent. Voluntary deeds, it should be remembered, are ordinarily invalid only at the suit of antecedent creditors, and the absence of evidence showing fraud in the transaction will usually defeat the actions of subsequent creditors. As we shall presently see, there is no presumption to aid the latter class. A specific intent to defraud subsequent creditors will, of course, avoid the transfer as to them. In the absence of proof of such an intent the transaction will stand."

This court, in the case of *Stumph* v. *Bruner*, 89 Ind. 556, while construing sections 2974 and 2975, R. S. 1881, having relation to cases where the conveyance is made to one, and the consideration is paid by another, recognized substantially the same distinction between existing or antecedent creditors on the one hand, and subsequent creditors on the other. Some of our older cases gave a more liberal construction of former statutes in favor of subsequent creditors, but we regard the distinction observed by Wait as above as fairly supported by the weight of modern authority.

We have another statute, however, known as section 4920, R. S. 1881, which declares that "All conveyances or assignments, in writing or otherwise, of any estate in lands, * * * made or suffered with intent to hinder, delay, or defraud creditors, or other persons of their lawful damages, forfeit-

ures, debts, or demands, shall be void as to the persons sought to be defrauded." Section 4924 further declares that the question of fraudulent intent, in such a case, shall be deemed a question of fact, which means that the question is one which must be decided upon the evidence, where, for the reasons already given, certain presumptions count for much more in favor of existing or antecedent creditors than they are permitted to do in behalf of subsequent creditors. But proof of a fraudulent intent as to antecedent creditors tends to prove a similar intent as to subsequent creditors, and such proof may, as it often does, become an important element in determining whether a conveyance is fraudulent as to such subsequent creditors.

A conveyance made, or caused to be made, by a person not indebted to any one at the time may, nevertheless, be fraudulent as to subsequent creditors. Where, for instance, such a person, on account of the peculiar condition in which he finds himself placed, or the business in which he is about to engage, and in anticipation that he will or may incur debts which he may not wish to pay, or to be compelled to pay, conveys his property, or causes it to be conveyed, for the purpose of preventing it from becoming subject to the payment of such debts when they shall accrue, and where the person, who receives the conveyance, has knowledge of, or participates in, the purpose for which it is made, such conveyance may be adjudged to be fraudulent as against subsequent creditors. *Sexton* v. *Wheaton*, 8 Wheat. 229 (1 Am. Leading Cases, 17); *Horn* v. *Volcano Water Co.*, 13 Cal. 62; *Bishop* v. *Redmond*, 83 Ind. 157.

What we have said, however, has a more particular application to that class of fraudulent conveyances in which the grantor parts with his title, and which are binding upon every one except the creditors injuriously affected. In a suit to set aside such a conveyance, the complaint ought to aver an intention to defraud the plaintiff, or the class of creditors to which he belongs, and this is particularly so in suits by sub-

sequent creditors, upon whom rests the burden of proving all that is necessary to establish the fraudulent intent.

The complaint before us is, as we believe, materially defective as a complaint to set aside an ordinary fraudulent conveyance, in its failure to aver that the conveyance was made, amongst other things, for the purpose of defrauding subsequent creditors.

But there is another view of this complaint in which we have considered the question of its sufficiency as a cause of action in favor of the plaintiff. Property conveyed to the use of a debtor is liable for his debts. This is upon the principle that every man's property, not exempt from execution, ought to be subject to the payment of his debts, and no transfer which is merely nominal can stand in the way of its application to debts which he is legally bound to pay. Property so conveyed to the use of the debtor may be reached by subsequent, as well as antecedent, creditors, upon the theory that such property belongs to him, notwithstanding the nominal title is in another, and not necessarily upon the supposed ground of fraud in the transaction. But, where fraud enters into the arrangement, the courts will more readily afford relief.

Section 4921 of our last revision of the statutes provides that "All deeds of gift, conveyances, transfers, or assignments, verbal or written, of goods or things in action, made in trust for the use of the person making the same, shall be void as against creditors, existing or subsequent, of such person."

There is some obscurity in the phraseology of this section, but it is seemingly comprehensive enough to embrace real as well as personal property, and to include secret as well as declared trusts. As thus interpreted, it is a statutory declaration of the law as we have stated it, and as the authorities have formulated it.

In Bump on Fraudulent Conveyances, it is said, at page 326 that : " If a conveyance is merely colorable, and a secret trust and confidence exist for the benefit of the grantor, it is

void not only against precedent but subsequent creditors, for it is in such a case a continuing fraud, and may actually operate as such as well in reference to debts contracted after as before the conveyance. Property conveyed in trust is still the property of the grantor for every beneficial purpose, and the secret trust in a conveyance tainted with actual fraud renders the property liable to subsequent creditors."

The authorities recognize still further discriminations between the different kinds of fraudulent conveyances and transfers of property and the varying shades of fraud involved in each distinctive kind, but we need not now further enlarge upon the subject of such discriminations.

Although the facts are not technically well pleaded, we think enough is charged to make the complaint sufficient as an application to subject the lands described in it to sale for the satisfaction of the plaintiff's judgment, upon the theory that such lands are really the property of the defendant Plunkett, in the hands of Hamilton as a secret trust, under a merely colorable and nominal title.

The plaintiff's judgment for alimony makes her a subsequent creditor within the legal meaning of that term. See *Bishop* v. *Redmond, supra.*

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to overrule both demurrers to the complaint, and for further proceedings.

Filed April 14, 1888.

### ON PETITION FOR A REHEARING.

NIBLACK, C. J.—The point is made, upon a petition for a rehearing, that the conclusion reached in this cause is inconsistent with the case of *Pennington* v. *Flock,* 93 Ind. 378, and others of our cases on the subject of fraudulent conveyances; also, that we erred in holding that section 4921, R. S. 1881, embraces conveyances of real estate.

If the complaint in this case had been an attack upon a

conveyance upon the ground that it was fraudulent as against creditors existing at the time it was made, then the first point would be well taken and a rehearing ought to be granted. But a careful inspection of the opinion complained of will disclose the fact that the complaint was not, treated as an attack of that kind, but regarded as an application to reach property held in trust for the satisfaction of a debt subsequently contracted, under the provisions of section 4921; above referred to. We thought then, and still believe, that the fair inference from all the facts averred is, that Hamilton held, and still holds, the real estate in controversy in trust for the appellee, and not as an absolute and unconditional grantee under a fraudulent conveyance. As we intimated, we reached that conclusion, in part, from what the complaint in some respects implies, rather than directly avers. Upon further consideration, we feel quite assured that section 4921 includes conveyances of real estate held in trust for the grantor, or for him who causes the conveyance to be made.

The petition for a rehearing is overruled.

