No. 14,323.

### CONLEY v. GROVE ET AL.

HIGHWAY.—*New.—Removal of Fence.—Notice.— Injunction.*—The statute (section 5030, R. S. 1881) requires the supervisor, when a public highway shall have been laid out through any inclosed land, to give sixty days' notice in writing to the owner, or occupant, to remove the fence; but such owner, or occupant, shall not be compelled to remove the fence between the 1st day of April and the 1st day of November. Hence, a a notice given on the 21st day of March is insufficient, the owner being entitled to sixty days' notice, independent of the time intervening between the 1st day of April and the 1st day of November; and a supervisor proceeding upon such insufficient notice to remove the fence on the 1st of November, may be enjoined.

From the Tipton Circuit Court.

*G. H. Gifford* and *J. M. Fippen,* for appellant.

*J. A. Swoveland,* for appellees.

OLDS, J.—This was an action by the appellees to restrain the appellant, who is supervisor, from removing a fence on the land of the appellees for the purpose of opening up a highway established by the board of commissioners along the line of appellees' land.

The complaint is in one paragraph. Appellant demurred to the complaint, for want of sufficient facts, which demurrer was overruled and exceptions reserved by appellant.

He then filed an answer in denial, and the cause was tried by the court without a jury, resulting in a finding and judgment for appellees.

Appellant filed a motion for a new trial, which was overruled and he excepted, and he assigns as errors the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial.

Section 5030, R. S. 1881, provides that "Whenever any public highway shall have been laid out through any inclosed land, the township superintendent shall give the occupant of such land (or the owner, if a resident of the road district) sixty days' notice, in writing, to remove his fence ; but such owner or occupant shall not be compelled to remove such fence between the first day of April and the first day of November ; and if such fence be not removed pursuant to such notice, such township superintendent shall cause the same to be done."

In the case of *Rutherford* v. *Davis*, 95 Ind. 245, this section is held to apply to and govern supervisors ; so that the section is to be construed the same as if it read "supervisors" instead of "superintendents."

The only question presented as to the insufficiency of the complaint is in regard to the allegation as to the notice.

The complaint contains all the necessary formal allegations as to the appellees being the owners of the land (describing it); the location of the road ; that appellant is supervisor, and that he is threatening to, and is about to remove the fence and open up the highway ; that the fence is necessary to protect appellees' crops, etc. And then it alleges that such threatened acts of the appellant are unlawful, for the reason that "the plaintiffs, nor either of them, have been notified by said supervisor of his intention to remove said fence, nor of the time the said supervisor intended to open said road ; neither has said defendant obtained the consent of these plaintiffs, or either of them, nor the con-

sent of any authorized person to enter upon said premises and remove said fences, or any part thereof, or do any other act looking toward the opening of said highway." The complaint is clearly bad. The supervisor was not required to give any such notice, as it is alleged in the complaint he had not given. The statute requires the supervisor to give a notice to the occupant, or the owner, if he be a resident of the road district, to remove his fence ; the supervisor may have given such a notice as the statute requires, and yet the allegations of the complaint be true.

The case was submitted to the court on an agreed statement of facts. According to the agreed statement of facts the supervisor gave a notice to the appellees in form and manner as required by the statute, and served the same upon them on the 21st day of March, 1887, and it is agreed that the supervisor was threatening and intending to remove the fence on the 1st day of November, 1887.

The statute requires the supervisor to give sixty days' notice in writing to remove the fence, and the statute provides that such owner or occupant shall not be compelled to remove the fence between the 1st day of April and the 1st day of November. The object of the statute is to give sixty days' notice within which time the owner or occupant shall remove his fence, or that he shall have sixty days' notice within which he shall remove his fence, and on failure to do so the supervisor shall remove it ; but the owner or occupant shall not be compelled to remove it between April 1st and November 1st.

The effect of the exception is to exclude from the operation of the statute the time between these two dates, and to require notice covering a period of sixty days when the person is required to act ; otherwise the notice might be served and the sixty days expire within the period in which the person is not compelled to act, but has the right under the law to allow his fence to remain at the place it occupies, and upon the 1st day of November the supervisor could remove it with-

Conley *v.* Grove *et al.*

out the owner or occupant having any time at which he is required to act to remove his fence.

The notice in this case gave but the remaining days in March in which the appellees were required to act and remove the fence, and they were entitled to sixty days' independent of the time intervening between the 1st day of April and the 1st day of November. The notice was insufficient, and the supervisor had no right under the law to remove the fence at the time he intended doing so.

While the complaint was bad, yet the case was tried upon it, and all the facts agreed upon, and a correct finding and judgment upon the facts as agreed upon. There could be no other finding and judgment except that rendered. No good can be accomplished by reversal of the case, as the same finding and judgment would have to be rendered if the cause was reversed and the complaint amended.

Section 658, R. S. 1881, provides that no judgment shall be "reversed, in whole or in part, * * where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." This statute applies with full force in this case, for the parties have agreed upon the facts; there is no dispute, and a proper judgment was rendered.

There is no available error in the record.

Judgment affirmed, with costs.

Filed June 3, 1890.