Bright *et al. v.* Bright.

Filed May 24, 1892.

———————◆———————

No. 15,819.

## BRIGHT ET AL. *v.* BRIGHT.

PLEADING.—*Fraudulent Conveyance.—Complaint.—Averment as to Other Property.*—In an action by a creditor to set aside a voluntary conveyance, the complaint must allege that at the time of the conveyance the debtor had no other property subject to execution out of which the claim of the creditor could be satisfied.

SAME.—*Implied Trust.— What Complaint Must Aver to Establish.*—In an action to reach property conveyed by a father to his son, no valuable consideration having been paid for the same, and subject it to the satisfaction of a debt subsequently contracted, the complaint, in order to establish an implied trust, must state facts, in the absence of any allegation of fraud, showing that the land was conveyed to the son in trust for the use of the father.

From the Marshall Circuit Court.

Bright *et al. v.* Bright.

*J. D. McLaren* and *E. C. Martindale,* for appellants.
*C. Kellesin,* for appellee.

ELLIOTT, C. J.—This suit was brought by the appellee to subject land to the lien of a judgment obtained by her against Richard Bright.

The appellee alleges, in her complaint that she secured a decree of divorce from Richard Bright on the 15th day of November, 1889, and that she also obtained a judgment for alimony in the sum of two hundred dollars; that an execution was issued and returned unsatisfied; that at the time the judgment was rendered Richard Bright had no property subject to execution except a house and lot of the value of two hundred and fifty dollars; that he was the real owner of the property; that it was purchased with his money on the 9th day of May, 1889; that he caused the deed therefor to be executed to his son, Edward C. Bright; that the son paid no consideration for the conveyance; that prior to the time of executing the conveyance Richard Bright placed in the hands of his son seven hundred dollars; that this sum was to be held by the son for his father's use; that Richard Bright caused the conveyance to be made while he and the appellee were husband and wife, "and for the purpose of preventing the plaintiff from realizing anything on any judgment for alimony she might recover against him in divorce proceedings then anticipated by said defendant," and "to prevent the plaintiff, as a subsequent creditor by reason of her judgment for alimony as aforesaid, from collecting her lawful claims and judgment by the sale of such real estate on execution."

The complaint is a peculiar one, and lacks many of the averments necessary to make it good as an ordinary complaint to set aside a fraudulent conveyance. If it is to be regarded as such a complaint it is clearly bad.

Our statute provides that no conveyance shall " be adjudged fraudulent as against creditors or purchasers, solely

on the ground that it was not founded on a valuable consideration." Section 4924, R. S. 1881. It has been held in many cases that a voluntary conveyance will not be set aside unless it affirmatively appears that, at the time of its execution, the grantor had no other property subject to execution, out of which the claim of the creditor could be satisfied. *Shew* v. *Hews,* 126 Ind. 474; *Sell* v. *Bailey,* 119 Ind. 51, and cases cited; *Phelps* v. *Smith,* 116 Ind. 387. The authorities, indeed, go further, for even where there is a fraudulent intent, still, if the debtor retains sufficient property to pay his debts, the conveyance will not be set aside. *Rice* v. *Perry,* 61 Maine, 145; *Phelps* v. *Smith, supra,* and cases cited; Wait Fraudulent Conveyances, section 143. There is here no averment that there was not sufficient property left in the grantor to pay all his debts. For anything that appears the grantor may have had much more property subject to execution than was necessary to satisfy creditors, and if so, he had a right to have the property conveyed to his son, and was not guilty of fraud in having the conveyance executed to him. There are other defects in the complaint, if it be treated as a complaint to set aside a fraudulent conveyance, but it is unnecessary to notice them.

Counsel for the appellee say of the complaint, that "It was intended to be, and is, an application to reach property held in trust for the satisfaction of a debt subsequently contracted, under the provisions of section 4921, R. S. 1881." The section of the statute referred to reads thus: "All deeds of gift, conveyances, transfers, or assignments, verbal or written, of goods or things in action, made in trust for the use of the person making the same, shall be void as against creditors, existing or subsequent, of such person." Accepting as correct the decision in *Plunkett* v. *Plunkett,* 114 Ind. 484, that this provision applies to land as well as to personal property, we will inquire and ascertain whether the allegations of the complaint show that Edward C. Bright received and holds the land in trust for his father's use.

There is no allegation that Edward C. Bright received the land as a trustee, nor is there any allegation that his father caused it to be conveyed to him in trust. It is averred that the property "was paid for out of the money of the said Richard." We do not think this sufficient to bring the case within the statute. If the father had paid for the property directly, taken a deed to himself and then conveyed it to the son, it is very clear that in the absence of fraud, the son would have acquired title. The fact that the father caused the conveyance to be made directly to his son, can not, of itself, defeat the latter's title. The mere fact that the father paid the consideration is not of itself sufficient to show that the son took the property in trust for the use of his father. It was incumbent upon the appellee to aver that the grantee took the property in trust for the use of the grantor. A trust does not arise by implication in favor of creditors where, as here, a father pays the consideration for property and causes the conveyance to be made to his son. To give the statute such a construction would do violence to settled principles and produce great injustice. In order to bring the case within the decision of *Plunkett* v. *Plunkett, supra,* the property must be conveyed to the use of the debtor. The doctrine of that case is one to be limited rather than extended. It can not be made to apply to this case without extending it, and we are by no means willing to extend the doctrine of that case. If the property is held for the use of the grantor it is just that it should be subjected to the claims of his creditors, but unless it clearly and affirmatively appears that the property is held in trust for the use of the person making a deed, or causing a deed to be made, there can be no equity or justice in subjecting it to the claims of creditors, where there is no fraud or wrong on the part of the debtor or his grantee; where, however, the property is held in trust for the use of the person who pays for it, the real, beneficial ownership is in him, and a mere naked right in the trustee, so that it is consistent with principle to assist cred-

itors in subjecting it to the payment of their claims against the person who buys the property for his own use, but has it conveyed to another for that use. The complaint before us does not make such a case for the reason that it does not state facts showing that the land was conveyed to the son in trust for the use of the father.

It is true that where one entrusted with the money of another buys property with that money he takes it as trustee for the person whose money pays for the property if in buying he has made a wrongful use of the money entrusted to him. But this rule of equity has here no relevancy, for the plain reason that the son did what the father desired. The father had a right to cause the conveyance to be executed to his son, unless in so doing he wronged his creditors, but he could not and did not wrong his creditors, for it does not appear that the trust was created to the use of the donor. The presumption always is in favor of good faith, and this presumption requires the conclusion that the transaction was, what it professes to be, an honest one, and that the deed is, what it purports to be, a conveyance of the whole interest, legal and equitable, to the son, leaving no interest in the father. It is manifest that the effect of this presumption can only be broken by a clear and direct averment that the son took the land in trust to the use of the father.

The evident purpose of the statute in prohibiting the creation of a trust to the use of the creator was to prevent the donor from holding the substantial and beneficial title, and yet wronging his creditors by keeping the property from them by means of the normal trust. Where there is no purpose to hold the property in this mode there can be no wrong of which creditors can complain, except in cases where the donor at the time of creating the trust has no property subject to execution, or creates the trust with the corrupt purpose of injuring his creditors. It is true that a debtor can not be generous at the expense of his creditors, and whether he makes a gift by way of trust, or by a direct conveyance,

the gift will be inoperative as against creditors, if at the time of making it, the donor was guilty of positive fraud or had no other property subject to execution, but it is equally true that where there is a gift it is valid if there is no fraud and the donor has property subject to execution sufficient to satisfy the demands of creditors, whether the gift be by way of trust or by a direct conveyance to the donee. Where, however, there is a mere semblance of a gift, as where one has land conveyed to another in trust to his own use, the creditors may subject the property to the payment of their claims, since, in such a case, there is really no gift because the donor retains the real, substantial interest and the trustee obtains a mere apparent or nominal interest. The complaint before us does not state facts showing that the grantee obtained a mere nominal or apparent interest, but, on the contrary, the facts stated require the conclusion that he acquired the entire real and substantial interest. If this was the interest acquired it was quite clear that the conveyance must stand, since there are no facts pleaded impressing upon it a fraudulent character.

We are referred to the case of *Bishop* v. *Redmond*, 83 Ind. 157, but that case does not sustain the appellee's contention. In the case referred to there was a direct averment of a fraudulent purpose on the part of the grantor and the grantee, and that a conspiracy was formed between those parties to defraud the plaintiff in that suit. That averment, or, to be more accurate, the facts stated, showed the existence of a positive fraud, and thus brought the case within the rule that where there is actual fraud on the part of the grantor and grantee the conveyance may be avoided by subsequent creditors. It is to be remarked that a conveyance is not voidable at the suit of subsequent creditors, unless there was positive or actual fraud. *Stumph* v. *Bruner*, 89 Ind. 556; *Pennington* v. *Flock*, 93 Ind. 378; *Barrow* v. *Barrow*, 108 Ind. 345. But the case of *Bishop* v. *Redmond, supra,* is not of the same class as the present, for according to the re-

peated assertions of appellee's counsel, the complaint before us proceeds upon the theory that the land is subject to sale on the appellee's judgment because, as it is assumed, the land was conveyed to the son in trust to the use of the father. If the complaint is not good on that theory it can not be upheld. *Mescall* v. *Tully*, 91 Ind. 96, and cases cited; *Montgomery* v. *Craig*, 128 Ind. 48 (49), and cases cited.

The court erred in overruling the demurrer to the complaint.

Judgment reversed.

Filed May 24, 1892.