## BEAVEN *v.* HAMILTON.

[No. 10,016. Filed October 9, 1919.]

1. **SALES.**—*Action for Purchase Price.—Complaint.—Sufficiency.—* In an action to recover the value of an ice box, complaint alleging that defendant purchased the box from plaintiff at an agreed

price, and that said sum was due and unpaid, *held* sufficient as against the objection that it failed to allege that title passed to defendant. p. 144.

2. APPEAL.—*Review.—Harmless Error.—Overruling Demurrer to Reply.*—Where the special finding of facts shows that the judgment is not based on a certain paragraph of reply, the action of the court in overruling a demurrer to such paragraph was harmless. p. 144.

3. APPEAL.—*Presenting Questions for Review.—Correctness of Conclusions of Law.—Necessity of Taking Exceptions.*—Where no exceptions were taken below to the conclusions of law, no question as to their correctness is presented for review on appeal. p. 145.

4. APPEAL.—*Presenting Questions for Review.—Rulings on Evidence.—Necessity of Taking Exceptions.*—Where no exceptions were taken to the action of the trial court in admitting or excluding evidence, no question relating thereto can be reviewed. p. 145.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Douglass Hamilton against Leslie M. Beaven. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John W. Hornaday* and *Ira M. Sharp,* for appellant.

*A. J. Shelby,* for appellee.

McMAHAN, J.—A complaint by appellee to recover the value of an ice box alleged to have been sold to appellant. It is alleged that appellant and appellee entered into a written contract on July 26, 1915, wherein it was agreed that the appellee was to open a meat market and grocery store in a certain brick storeroom, and to carry a line of groceries up to a $500 stock, for a period of six months, rent free, unless appellee continued in business, then appellant was to receive rent for said six months at a rate of $30 per month to apply on a certain ice box, and continue until the ice box was paid for at the rate of $30 a month. The price of the ice box was fixed at $300.

It was further provided in said contract that, in case appellee became dissatisfied at the expiration of six months and moved the stock out of the building, appellant would pay appellee $300 for said ice box. It was alleged that appellee had performed his part of the contract, and demanded judgment for $300.

Appellant filed an answer of general denial, and later filed three additional paragraphs, the third being a counterclaim, and the fourth no consideration for that part of the agreement by which appellee was to occupy the storeroom free of rent. The nature of the second paragraph is not disclosed. The third paragraph is somewhat inartistically drawn, but in substance alleged that the appellant was the owner of the storeroom mentioned in the complaint; the execution of the contract; that the storeroom had not been occupied, and it was not known whether appellee could establish a paying business in it or not; that it was agreed that, if said business was not a paying venture, the rent, instead of being paid in cash to appellant, should be credited by appellant upon the purchase of the ice box in question, which was owned by appellee; that it was the intention of the parties' that, if the business carried on in said storeroom was successful, appellee was to continue to occupy said room after the expiration of the first six months at a rental of $30 per month, but that the appellee at the expiration of said six months arbitrarily and without right moved out of said building, and refused to pay rent for the time he had occupied it; that the rent was due and unpaid, and asking judgment for $180 for rent up to January 26, 1916.

Appellee filed a reply to the second and third paragraphs of answer, the first paragraph being special,

and the second a general denial. Appellant's demurrer to the first paragraph of reply was overruled, and exception saved. The cause was tried by the court, and the facts found specially. Judgment was rendered in favor of appellee for $300.

The appellant filed a motion for a new trial, the specifications named being that the decision of the court (1) is not sustained by sufficient evidence; (2) is contrary to law; (3) that the court erred in admitting and (4) in excluding certain evidence. The errors assigned and not waived are that the court erred in overruling the demurrer to the first paragraph of reply; that the court erred in each conclusion of law, and in overruling the motion for a new trial.

1.    The appellant contends that the complaint is not sufficient to constitute a cause of action, in that it is not alleged therein that the title to the ice box passed to the appellant, and that the demurrer to the reply should have been carried back and sustained to the complaint. The complaint alleged that the appellant purchased the ice box from appellee at and for the agreed price of $300, which appellant agreed to pay, and that said sum was due and unpaid. The complaint is sufficient and not open to the objections urged against it.

2.    The special finding of facts shows that the judgment is not based upon the first paragraph of reply. The action of the court in overruling the demurrer to the reply was therefore harmless. *Gilliland* v. *Jones, Exr.* (1896), 144 Ind. 662, 43 N. E. 939, 55 Am. St. 210; *Beasley* v. *Phillips* (1898), 20 Ind. App. 182, 50 N. E. 488.

No question relative to the correctness of the conclusions of law is presented for our consideration, as

no exception appears to have been taken to any 3. of them. Appellant also contends that the decision of the court is not sustained by sufficient evidence, for the reason that it does not show that appellee put forth a reasonable effort to make his business a success. Although the evidence is not shown to have been brought into the record by a bill of exceptions, we have examined it as set out in appellant's brief, and it is sufficient to support the findings of the court.

The appellee calls our attention to the fact that no exceptions are shown to have been taken to the action of the court in admitting or in excluding any 4. of the evidence, so that no error is shown in that respect.

No reversible error being shown, the judgment is affirmed.